FIRST NATIONAL SECURITIES CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 25507.   Promulgated September 25, 1930.

*Laurence H. Smith, Esq.*, for the petitioner.
*M. B. Leming, Esq.*, for the respondent.

OPINION.

SEAWELL: It is argued in behalf of the petitioner that its books were kept on the cash receipts and disbursements basis, though no one so testified and the books were not introduced in evidence. The first tax return made and filed by petitioner for the latter part of the year 1920 (which year is not in issue) indicated its return of income was on the accrual basis. Subsequent returns indicated on their face that they were made on the cash receipts and disbursements basis, but we reached the conclusion, in the light of all the facts and circumstances disclosed, that the books were kept on the accrual basis as indicated in our findings of fact.

In filing its income-tax returns petitioner apparently attempted to use the cash receipts and disbursements basis by reporting its gross income as reflected in its books and deducting therefrom the

items of accrued income and an estimated amount to represent unearned discount. After eliminating these amounts from the income of one year, no method was pursued to restore them to income in another year and as a result of this practice income which would have been taxable in any event in some year, whether petitioner's books were kept on the accrual or receipts and disbursement basis, was not included in any return for any year.

The deficiency in tax determined by the Commissioner, if erroneous in any particular, is not shown by the evidence to what extent it is so in any of the years involved.

The petitioner has failed to show what part, if any, of its income determined by the Commissioner was unearned discount. The returns of petitioner in evidence show, for the years in issue, cash dividends and taxable income reported, as follows:

| Year | Cash dividends | Taxable income |
|---|---|---|
| 1922 | $15,432.00 | $10,118.34 |
| 1923 | 32,560.00 | 22,270.81 |
| 1924 | 58,040.00 | 21,395.91 |
| 1925 | 59,694.00 | 8,795.44 |

It is thus made evident from the tax returns of the petitioner that its earnings for the four years in issue, as shown by cash dividends declared, exceeded by over one hundred thousand dollars its taxable income reported. The fact that this practice of returning income was continued for so long a time without apparently discovering or realizing that income was escaping taxation indicates—putting the most favorable aspect possible on such action—negligence on the part of responsible officers of the petitioner.

The evidence does not show that the petitioner had any income from sources that would make it nontaxable. It started this four-year period with a nominal surplus. In 1924 the cash dividends were almost three times the reported taxable income and it paid out in cash dividends each year more than the amount of taxable income reported. Under such conditions, continued from year to year, negligence on the part of the petitioner is evident.

In regard to respondent's determination of the petitioner's net income, only one item out of several is disputed and that only in part. The *prima facie* presumption of the correctness of the respondent's determination of a deficiency in tax in the amount of $18,666.65 must prevail, no sufficient evidence being adduced to overcome it.

No reasonable excuse or satisfactory explanation for the understatement of taxable income in its returns being shown by the evi-

dence, we are of the opinion that the assertion of the 5 per cent penalty for negligence should be approved. *Thomas J. Avery*, 11 B. T. A. 958, 962; *Western Valve Bag Co.*, 13 B. T. A. 749, 752; *R. V. Board*, 14 B. T. A. 374, 393; and *John T. Kennedy*, 16 B. T. A. 1372, 1390.

*Judgment will be entered for the respondent.*