JAY WILLIAM BOYNTON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Boynton v. Commissioner
Docket Nos. 23901-84, 38704-84.
United States Tax Court
T.C. Memo 1985-619; 1985 Tax Ct. Memo LEXIS 12; 51 T.C.M. (CCH) 145; T.C.M. (RIA) 85619; December 19, 1985. Jay William Boynton, pro se. Mary P. Hamilton, for the respondent. TANSILL
MEMORANDUM OPINION TANSILL, Special Trial Judge: These cases were assigned pursuant to the provisions of section 7456(d) of the Code [1] and Rule 180. Respondent determined deficiencies in petitioner's Federal income taxes and additions to taxes as follows: Additions to Tax
Docket
Section
Section
Number
Year
Deficiency
6653(a)(1)
6653(a)(2)
23901-84
1980
1,292.00
$64.60
38704-84
1981
$1,477.00
$73.85
*
1982
$1,481.00
$74.05
**
At issue is petitioner's *14 entitlement to charitable contribution deductions of $8,720, $5,918, and $7,388, respectively, in each of the three years, to an organization known as Truth Tabernacle. Respondent disallowed these contributions on the basis that no contributions had in fact been made and, even if made, the recipient-donee was not an organization to which gifts were deductible under section 170. For the following reasons, respondent is sustained in this determination. In order to establish entitlement to a charitable contribution deduction, petitioner bears the burden of proof. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). As relates to this issue, petitioner's burden extends to: (1) A substantiation that the amounts claimed on his returns were in fact made; and (2) That the recipient-donee was an organization to which gifts or contributions were deductible under section 170(c)(2)(B) and (C). For 1981 and 1982, the Court finds that petitioner failed to establish the first criterion noted above. Since July 1981, petitioner had signatory authority over the bank account of Truth *15 Tabernacle. Although one other person had authority to sign checks, only one signature was required. Petitioner, therefore, was free to write checks on this account and withdraw his monies. Where a donor retains control and dominion of the property purportedly donated, there is no gift or contribution. Davis v. Commissioner,81 T.C. 806, 817 (1983), affd. without published opinion, 767 F.2d 931 (9th Cir. 1985). The Court additionally finds that, for all three years at issue, the purported contributions fail the second test noted above. Petitioner contends that Truth Tabernacle was a church and, therefore, was exempt from taxation under section 501(c)(3). Truth Tabernacle originated in 1974 and owned five acres of land on which was situated a church building with a sanctuary and a small apartment, and seven cabins, three of which were occupied rent-free by the Pastor and two trustees, one of whom was petitioner and the other, a Martin Liebau. [2] All expenses for maintenance and repair of the property were paid for by Truth Tabernacle, including a mortgage *16 on the property. The only expenses which appear to have been paid by petitioner were the utilities -- gas and electricity. Petitioner contends that he performed services in consideration for his rent-free accommodations. The Court is not impressed with the nature of these services, which he vaguely described as "If anything needs to be done, for examples, pipes break in the wintertime, you know, we have people come by, I'm there to assist them in whatever they need." Such services hardly constituted a quid pro quo for what petitioner received -- rent-free housing, particularly in view of the fact that petitioner was a full-time employee in a secular job with Bath Iron Works. The congregation of Truth Tabernacle consisted of only 30 people and had a pastor, Judah Gatling, who undoubtedly was available to perform such services. Petitioner acknowledged he was not a minister, and there is no evidence that he performed sacerdotal functions for Truth Tabernacle. *17 Under section 170(c)(2)(B) and (C), a contribution is deductible if the receiving organization is: (B) organized and operated exclusively for religious, charitable * * * or educational purposes * * * (C) no part of the net earnings of which inures to the benefit of any private shareholder or individual; The Court finds that petitioner failed to establish that Truth Tabernacle was organized and operated exclusively for religious purposes and that no part of its earnings inured to the benefit of individuals. [3] On the contrary, some of the earnings of Truth Tabernacle inured to the benefit of petitioner and others, manifested by their living on the property of Truth Tabernacle, rent-free, during each of the years in question. The benefit derived from the free use of an organization's property satisfies the "inurements" test. The amount or extent of the benefit is not determinative. What is important is that a "benefit" was enjoyed by petitioner. See Founding Church of Scientology v. United States,188 Ct. Cl. 490, 497, 500, 412 F.2d 1197, 1200, 1202 (1969), *18 cert. denied 397 U.S. 1009 (1970); Unitary Mission Church v. Commissioner,74 T.C. 507, 513 (1980), affd. without published opinion 647 F.2d 163 (2d Cir. 1981). A private shareholder or individual is a person having a personal and private interest in the activities of an organization. Section 1.501(a)-1(c), Income Tax Regs. Petitioner was a "private shareholder" or "individual" in Truth Tabernacle. Section 1.501(a)-1(c), Income Tax Regs.
Petitioner contends that Truth Tabernacle was exempt under section 501(c)(3) and presented a determination letter dated July 25, 1979. This *19 Court issued an opinion on April 29, 1981, that Truth Tabernacle was not exempt from taxation as a section 501(c)(3) organization. Truth Tabernacle v. Commissioner,T.C. Memo. 1981-214. Petitioner correctly points out that this decision was rendered pursuant to a prior application for exempt status and that the favorable determination letter was based upon an application filed while the petition for declaratory judgment was pending. We have reviewed this subsequent application. The Court notes that, while Truth Tabernacle disclosed that two of its trustees lived rent-free on church property, it was also represented that these trustees performed services for the church, the value of which far exceeded the rental value of the buildings occupied by them. On such representation, respondent could fairly conclude that there was no private inurement. This representation, however, does not appear to have been followed in practice, because we conclude that petitioner and others definitely benefited from the net earnings of Truth Tabernacle, violating the inurement prohibition of section 170(c)(2)(C). *20 Under section 1.501(a)-1(a)(2), Income Tax Regs., an organization which has been determined exempt may rely on such determination so long as, among other things, there is no material change in the organization's "method of operation." We find that Truth Tabernacle's "method of operation" changed materially from that which was represented to respondent, since it allowed the use of its properties by members for less than an adequate consideration. Private inurement, therefore, precludes a tax-exempt status for Truth Tabernacle irrespective of the favorable determination letter. Respondent determined additions to tax under section 6653(a)(1)[4] and section 6653(a)(2). The first relates to underpayment of tax due to negligence or intentional disregard of rules and regulations and the second relates to negligent underpayment of tax. These determinations are presumptively correct unless the taxpayer offers sufficient evidence to overcome the presumption. Bixby v. Commissioner,58 T.C. 757, 791 (1972); First National Securities Co. v. Commissioner,20 B.T.A. 999 (1930). *21 This Court has no difficulty in concluding that petitioner is liable for the determined additions to tax. His claimed contributions ranged from 38% to 47% of the gross income reported on his tax returns. What he apparently hoped to accomplish was to channel a substantial portion of his taxable earnings to an exempt church, escaping taxation, then reaping substantial personal benefits from the church through rent-free accommodations. The Court sustains respondent on this issue. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. 50% of the interest due on $1,477.00. ↩
**. 50% of the interest due on $1,481.00.↩
2. Proceedings are pending before this Court relative to the contributions of Martin Liebau to Truth Tabernacle in docket No. 13545-85, captioned "Lawrence M. Liebau, Petitioner v. Commissioner of Internal Revenue, Respondent."↩
3. In Unitary Mission Church v. Commissioner,74 T.C. 507, 512 (1980), the Court noted in note 7 that the private inurement prohibition is redundant to the requirement that the church operate exclusively for religious purposes because operating exclusively for an exempt purpose necessitates the conclusion that the church is providing public↩ and, therefore, not private benefits.
4. For years prior to 1981, this addition to tax was provided for in section 6653(a)↩.